UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
        v.                                  )        Criminal No. 15-0025 (PLF)
                                            )
CHRISTOPHER FORD, et. al.                   )
                                            )
        Defendants.                         )
_____    )

OPINION

        This matter is before the Court on the government's motions to admit evidence of

other crimes, wrongs, or acts pursuant to Rule 404(b) of the Federal Rules of Evidence and to

impeach the defendants (should they decide to testify at trial) with their prior convictions under

Rule 609 of the Federal Rules of Evidence.  The Court heard oral argument on these motions on

December 16, 2015, and took them under advisement.  Upon consideration of the parties' papers,

the oral arguments presented by counsel, the relevant legal authorities, and the entire record in

this case, the Court will grant in part and deny in part the government's Rule 404(b) motion and

grant in part and deny in part the government's Rule 609 motion.[1]

_____

        [1]        Relevant papers reviewed by the Court include:  Superseding Indictment [Dkt.
40]; Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of
Evidence 404(b) Against Defendants Ford, Simmons, Grant, Hager, Fenwick, and Sanders
("Rule 404(b) Mot.") [Dkt. 86]; Government's Motion Regarding Rule 609 Admissibility
Against Defendants Ford, Simmons, Grant, Hager and Sanders ("Rule 609 Mot.") [Dkt. 87];
Defendant Grant's Motion in Opposition to Introduction of 404(b) Evidence ("Grant Opp.")
[Dkt. 88]; Defendant Fenwick's Opposition to the Government's Request to Introduce Evidence
Pursuant FRE 404(b) ("Fenwick Opp.") [Dkt. 90]; Defendant Ford's Opposition to
Government's Motion to Admit Other Crimes Evidence ("Ford Opp. 404(b)") [Dkt. 95];
Defendant Ford's Opposition to Government's Motion to Impeach Defendants With Their Prior
Convictions ("Ford Opp. 609") [Dkt. 96]; Defendant Simmons's Response in Opposition to
Government's Motion to Introduce 404(b) Evidence ("Simmons Opp.") [Dkt. 98]; Defendant
Sanders Response to Government's 404(b) Motion ("Sanders Opp.") [Dkt. 125]; Supplement to

## I.  BACKGROUND

The grand jury returned an indictment charging each of the seven defendants with one count of participating in a conspiracy to distribute phencyclidine ("PCP"), in violation of 21 U.S.C. § 846.  Superseding Indictment at 1-4, 6.  It also charged defendants Levon Simmons, Marcus Fenwick, and Andre Leach with possession with intent to distribute PCP, in violation of 21 U.S.C. § 841(a)(1); Fenwick and Simmons with possession, use, and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and Simmons with unlawful possession of a firearm and ammunition by a prior convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Superseding Indictment at 4-6.

The government asks the Court to admit the following evidence of other crimes, wrongs, or acts under Rule 404(b) of the Federal Rules of Evidence against six of the seven defendants:

| Defendant | Rule 404(b) Other Crimes, Wrongs, or Acts |
|---|---|
| Simmons | 2005 conviction for possession with intent to distribute PCP. |
| Ford | 1.  Cooperating witness' testimony about Ford's sale of PCP to the cooperating witness, Simmons, and Grant before Ford's arrest in November 2007.<br>2.  November 2007 conviction for possession with intent to distribute PCP. |
| Sanders | 2005 conviction for possession with intent to distribute PCP. |
| Fenwick | 1.  2012 juvenile adjudication for firearms possession.<br>2.  2012 uncharged act of firearms possession. |
| Hager | 1.  2005 conviction for possession of a firearm during a crime of violence.<br>2.  2015 arrest for firearms possession. |
| Grant | 2007 conviction for armed carjacking. |

---

Defendant Ford's Opposition to Government's Motion to Admit Other Crimes Evidence ("Ford Supp. Opp. 404(b)"); Defendant Hager's Opposition to Government Rule 609 and 404(b) Motions ("Hager Opp.") [Dkt. 170]; and Government's Supplemental Comment to the 404(b) Arguments ("Govt. Supp. 404(b)") [Dkt. 176].

Rule 404(b) Mot. at 2-5.[2]  The government argues that the probative value of this evidence

outweighs any "potential prejudice to the defendants" because it "demonstrates [each

defendant's] "ability and knowledge to carry out his alleged role in the conspiracy" and

"provides valuable detail into the relationship between" the defendants as well as their prior

involvement in PCP distribution in or around Savannah Terrace, the location of the alleged

conspiracy.  See id. at 6-7, 11, 15.  Defendants respond that there is "unfair prejudice" because

"the probative value" of the Rule 404(b) evidence "is exceedingly weak" and it will "taint[]" the

jury's view of them.  See, e.g., Ford 404(b) Opp. at 4.

   The government also asks the Court to allow it to impeach five of the defendants

with the following prior convictions should they decide to testify at trial:

| Defendant | Rule 609 Prior Conviction |
|---|---|
| Simmons | Possession with intent to distribute PCP, No. 2005-FEL-01915 (D.C. Sup. Ct.). |
| Ford | Possession with intent to distribute PCP, No. 07-cr-345 (D.D.C.). |
| Sanders | 1.  Unauthorized use of a vehicle, No. 2006-CF2-02116 (D.C. Super. Ct.).<br>2.  Fleeing from law enforcement, No. 2006-CF2-02116 (D.C. Super. Ct.).<br>3.  Destruction of property over $200, No. 2006-CF2-02116 (D.C. Super. Ct.).<br>4.  Possession with intent to distribute PCP, No. 2005-FEL-05382 (D.C. Super. Ct.). |
| Hager | 1.  Second-degree assault, No. CT121293X (Md. Cir. Ct.).<br>2.  Possession of a firearm during a crime of violence, No. 2005-FEL-0123 (D.C. Super. Ct.). |
| Grant | Armed carjacking, No. CT072144X (Md. Cir. Ct.). |

Rule 609 Mot. at 2-4.  The government argues that these "convictions are particularly probative

where, as here, a defendant's credibility is a central issue in the case should he or she choose to

---

[2]   The government makes no argument that any of the evidence it seeks to admit under Rule 404(b) is admissible as "inexplicably intertwined" or "intrinsic evidence."  See, e.g., United States v. Bowie, 232 F.3d 923, 927-29 (D.C. Cir. 2000) (recognizing "a narrow range of circumstances" where uncharged acts are intrinsic to the charged offense); United States v. Sitzmann, 856 F. Supp. 2d 55, 59 (D.D.C. 2012) (where evidence is intrinsic to the crime charged, it is by definition not "other crimes" evidence and its admissibility is not determined under a Rule 404(b) analysis).

testify at trial."  <u>See</u> <u>id</u>. at 4.  Defendants respond that (1) the probative value of these

convictions is low due to their age and dissimilarity from the presently charged offenses, and

(2) the risk of prejudice is high because the jury will "focus predominantly on the circumstances

of [the defendant's] prior crime."  <u>See</u>, <u>e.g.</u>, Ford 609 Opp. at 3-4.

## II.  RULE 404(b)

"In considering the admissibility of other crimes, wrongs, or acts under Rule

404(b) of the Federal Rules of Evidence, the Court must apply a two-step analysis."  <u>United</u>

<u>States v. Loza</u>, 764 F. Supp. 2d 55, 57 (D.D.C. 2011).  "First, the Court must determine whether

'the evidence [is] probative of some material issue other than character' or propensity."  <u>United</u>

<u>States v. Sitzmann</u>, 856 F. Supp. 2d at 61 (quoting <u>United States v. Loza</u>, 764 F. Supp. 2d at 57).

Under Rule 404(b), material issues include but are not limited to "proof of motive, opportunity,

intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  FED. R. EVID.

404(b); <u>see</u> <u>United States v. Loza</u>, 764 F. Supp. 2d at 57.  "Furthermore, in this circuit the Rule is

viewed as one of inclusion rather than exclusion."  <u>United States v. Loza</u>, 764 F. Supp. 2d at 57

(citing <u>United States v. Bowie</u>, 232 F.3d 923, 929-30 (D.C. Cir. 2000)).

"Second, if the Court determines that the other crimes evidence is probative in

relation to a legitimate purpose, [it] then must decide whether the evidence nevertheless should

be excluded under Rule 403 of the Federal Rules of Evidence because 'its probative value is

substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'"  <u>United States</u>

<u>v. Loza</u>, 764 F. Supp. 2d at 57-58 (quoting FED. R. EVID. 403).  "Unfair prejudice" means

prejudice above and beyond the normal "harm to the defense" that other crimes evidence

inevitably causes.  <u>Id</u>. at 58; <u>accord</u> <u>United States v. Bikundi</u>, No. 14-CR-030, 2015 WL

5915481, at *6 (D.D.C. Oct. 7, 2015) ("The danger of unfair prejudice is minimal when the 'other crimes' evidence is sufficiently similar to the charged crime as to add 'no emotional or other pejorative emphasis not already introduced by the evidence' of the crime charged in the indictment.") (quoting United States v. Straker, 800 F.3d 570, 591 (D.C. Cir. 2015)).

If the government prevails in this two-step analysis, the Rule 404(b) evidence "would be admitted for a specifically identified purpose and be subject to a limiting instruction describing to the jury the limited purpose for which such evidence may be considered." United States v. Sitzmann, 856 F. Supp. 2d at 61 (citing United States v. Bowie, 232 F.3d at 927-28). If the government does not prevail and the Court "excludes the proffered 'other crimes' evidence from presentation by the government in its case-in-chief because its probative value is substantially outweighed by the danger of unfair prejudice, such evidence may become admissible on cross-examination of a defendant or in the government's rebuttal case if the defense has opened the door to such evidence." Id. at 62 (collecting gun and drug cases where the court admitted Rule 404(b) evidence after the defense contested the defendant's knowledge about or motive to possess the illegal items).

*A. Simmons*

The government argues that Simmons's 2005 conviction for attempted possession with intent to distribute ("PWID") PCP "demonstrates his ability and knowledge to carry out his alleged role in the conspiracy" and, more generally, his knowledge of the drug trade. See Rule 404(b) Mot. at 11. Simmons opposes the government's motion, arguing that (1) the government has overwhelming evidence of intent, so it does not need this prior crimes evidence to prove its case; and, (2) intent is not in dispute. See Simmons Opp. at 3-5 (quoting United States v. Mitchell, 49 F.3d 769, 776 (D.C. Cir. 1995) ("[I]f intent is formally an element of the crime, but

it is nevertheless implausible that the charged acts could have been committed absent the requisite intent, then intent seems a very weak ground of admission." (internal quotation marks omitted)).

Under step one, Simmons's "past involvement in a [drug distribution] operation is probative of his intent to possess [drugs] with the intent to distribute it as a part of the charged conspiracy."  See United States v. Sitzmann, 856 F. Supp. 2d at 64; see also United States v. Mitchell, 49 F.3d at 775 ("[W]e have frequently upheld the admission of evidence regarding other drug transactions as relevant to intent in a charged drug transaction.").  It is also "probative of his opportunity to participate in the instant [conspiracy] offense" because it demonstrates that he had the relationships necessary to acquire and distribute the drugs in question.  See United States v. Sitzmann, 856 F. Supp. 2d at 63-64.  Simmons's prior PWID PCP conviction is probative of his present intent to engage in the charged conspiracy.  It does not matter that Simmons does not dispute intent and the government has alternative evidence it could use to prove intent.  "[E]videntiary relevance under Rule 401" is not "affected by the availability of alternative proofs of the element, such as a defendant's concession or offer to stipulate" because "the prosecution is entitled to prove its case by evidence of its own choice."  United States v. Douglas, 482 F.3d 591, 597 (D.C. Cir. 2007) (internal quotation marks omitted); accord United States v. Crowder, 141 F.3d 1202, 1209 (D.C. Cir. 1998) ("[A] defendant's offer to stipulate to an element of an offense does not render the government's other crimes evidence inadmissible under Rule 404(b) to prove that element, even if the defendant's proposed stipulation is unequivocal.").

Under step two, Simmons argues unfair prejudice on the ground that the admission of his 2005 conviction for PWID PCP would "taint the jury's view" of him.  See

Simmons Opp. at 5.  But this is not the kind of "prejudice" that Rule 403 contemplates.  <u>See</u>

<u>United States v. Cassell</u>, 292 F.3d 788, 796 (D.C. Cir. 2002) ("Virtually all evidence is

prejudicial or it isn't material. The prejudice must be unfair.") (internal quotation marks

omitted).  Furthermore, Simmons's 2005 PWID PCP conviction does not "add" any "emotional

or other pejorative emphasis not already introduced by the evidence' of the crime charged in the

indictment" because the present indictment charges Simmons with PWID PCP.  <u>See</u> <u>United</u>

<u>States v. Bikundi</u>, 2015 WL 5915481, at *6; Superseding Indictment at 4.  While the admission

of Simmons's 2005 conviction for PWID PCP is not unfairly prejudicial, the Court is mindful

that the means of proof that the government chooses at the trial could affect the level of

prejudice.  <u>Cf</u>. <u>United States v. Briley</u>, 770 F.3d 267, 275-76 (4th Cir. 2014), <u>cert. denied</u>, 135 S.

Ct. 1844 (2015).  The Court therefore will admit Simmons's 2005 conviction for PWID PCP but

reserve judgment on how the government may prove this prior crime at trial.[3]

### B. Ford

The government argues that Ford's involvement with Simmons and Grant in

distributing PCP prior to 2007—evidence that the government seeks to introduce through a

cooperating witness—demonstrates his "knowledge and ability to give Simmons access to PCP,"

and "gave him an opportunity to become involved in the charged conspiracy."  <u>See</u> Rule 404(b)

Mot. at 11.  The government also argues that Ford's 2007 conviction for PWID PCP is

"indicative of the lack or absence of mistake with respect to Ford's conversation with Simmons."

<u>See</u> <u>id</u>. at 12 (citing Dkt. 50, Ford's Motion to Dismiss, in which Ford argues that he did nothing

"more than sell marijuana to Mr. Simmons").  Ford opposes the government's Rule 404(b)

---

[3]     The Court likewise reserves judgment for trial about the government's means of
proof for other Rule 404(b) and Rule 609 evidence that it permits the government to introduce in
this case.

motion, arguing that both his 2007 conviction and the cooperating witness testimony "do[] not make a conspiracy any more likely in the present case."  See Ford Opp. 404(b) at 2.

Ford's uncharged involvement with Simmons and Grant in distributing PCP prior to 2007, under step one, is probative of the relationship among the defendants charged in the present indictment and thus goes to his opportunity to become involved in the charged conspiracy and the ability to give drugs to Simmons.  See United States v. Sitzmann, 856 F. Supp. 2d at 64 (prior bad acts admissible in conspiracy case if they explain "background, formation, and development of the illegal relationship" and "help the jury understand the basis for the co-conspirators' relationship of mutual trust") (internal citations omitted).  Ford misunderstands Rule 404(b) step one analysis when he demands that the government's evidence "make a conspiracy . . . more likely in the present case."  Ford 404(b) Opp. at 2.  Under step one it is only necessary that the government's Rule 404(b) evidence is probative of a material issue in the case and "not offered solely to prove character or criminal propensity."  See United States v. Loza, 764 F. Supp. 2d at 57.  The cooperator's testimony here meets that test because it is probative of the relationship among the defendants charged in the present indictment and Ford's opportunity to become involved in this conspiracy with Grant and Simmons.

Under step two, Ford argues that the cooperating witness' testimony is "unfairly prejudic[ial]" and will "taint[] Mr. Ford's character at trial."  See Ford 404(b) Opp. at 4.  Again, such run-of-the-mill prejudice that accompanies the admission of any prior crimes, wrongs, or bad acts under Rule 404(b) is not the "prejudice" that Rule 403 contemplates.  See United States v. Cassell, 292 F.3d at 796; United States v. Bikundi, 2015 WL 5915481, at *6.  The Court therefore will permit the government to offer a cooperating witness' testimony concerning Ford's uncharged involvement with Simmons and Grant in distributing PCP prior to 2007.

8

Turning to Ford's 2007 PWID PCP conviction, the Court's analysis largely mirrors that of the analysis it applied to Simmons's 2005 PWID PCP conviction.  Ford's 2007 PWID PCP conviction "is probative of his opportunity to participate in the instant offense," as well as of his intent to do so.  It shows how Ford previously had the relationships necessary to acquire and distribute PCP in Savannah Terrace.  See United States v. Sitzmann, 856 F. Supp. 2d at 63; see also United States v. Mitchell, 49 F.3d at 775.  Ford attempts unsuccessfully in his opposition to distinguish Sitzmann, arguing that his 2007 PWID PCP conviction is not a conspiracy conviction and does not involve any of his present co-defendants.  See Ford 404(b) Opp. at 3.  The Rule 404(b) step one analysis in Sitzmann, however, did not turn on those facts, which served only to amplify the probative value of the prior crime in that case.  See 856 F. Supp. 2d at 63-64.  It is sufficient under Rule 404(b) step one that Ford's 2007 PWID PCP conviction is probative of a non-propensity material issue such as opportunity or intent.

Under step two, Ford again argues that the 2007 PWID PCP conviction is "unfairly prejudic[ial]" and will "taint[] Mr. Ford's character at trial."  See Ford 404(b) Opp. at 4.  While the present indictment does not charge Ford with PWID PCP, it does charge him with conspiracy to possess PCP with the intent to distribute it.  Superseding Indictment at 2.  The government's introduction of his 2007 PWID PCP conviction therefore does not "add" any "emotional or other pejorative emphasis not already introduced by the evidence' of the crime charged in the indictment," see United States v. Bikundi, 2015 WL 5915481, at *6, and the Court will admit it.  See also United States v. Cassell, 292 F.3d at 796.

### C. Sanders

The government seeks to admit Sanders's 2005 conviction for PWID PCP because it "demonstrate[s] his ability and knowledge to contribute to the conspiracy and is

indicative of the lack of absence of mistake as to what the members of the conspiracy want to cut." See Rule 404(b) Mot. at 12 (here, the government alleges that "cut[ting]" PCP involves diluting it).  Sanders opposes the government's Rule 404(b) motion, arguing that "the current indictment [is] very different from the decade old street sale of a PCP dipped cigarette" where Sanders was found to have been in possession of one quarter ounce of PCP, and that the issues of "knowledge, [] intent, and absence of mistake . . . are not really in dispute in any real sense." See Sanders Opp. at 1-3.

Under step one, Sanders's past involvement in PCP distribution is probative of his intent and opportunity to engage in the present conspiracy.  See supra at §§ II(A); II(B) (discussing same for Simmons and Ford).  Likewise, the lack of a dispute about intent does not render the government's Rule 404(b) evidence on intent immaterial.  See id. at § II(A) (discussing same for Simmons).  Sanders makes no argument under step two that he would suffer the unfair prejudice contemplated by Rule 403 if the court admits his 2005 conviction for PWID PCP, and the Court finds none.  The Court therefore will admit Sanders's 2005 conviction for PWID PCP.

### D. Fenwick

Fenwick is charged in Count Seven of the Superseding Indictment with using, carrying, or possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The government argues that both Fenwick's 2012 juvenile adjudication for firearms possession and his 2012 uncharged act of firearms possession are "highly probative" as to whether Fenwick possessed the firearm as charged in the Superseding Indictment and his "knowledge and intent with respect to that possession."  See Rule 404(b) Mot. at 13.  Fenwick opposes the motion, conceding under step one that his 2012 arrest and juvenile adjudication is

probative but disputing that the 2012 uncharged act is "reliable" because it "involved two

individuals and one gun." See Fenwick Opp. at 2.  Fenwick also argues that both pieces of

evidence are unnecessary because he "admitted that [the gun] was his" when arrested on May 21,

2014, and the other crimes evidence does nothing to "prove that the firearm[] furthered drug

trafficking." See id. at 3.

      As a preliminary matter, the Court must first decide whether juvenile

adjudications can ever be probative under Rule 404(b).  Rule 609 states that "[e]vidence of a

juvenile adjudication is admissible under this rule only if," inter alia, "the adjudication was of a

witness *other than the defendant*." See FED. R. EVID. 609(d), (d)(2) (emphasis added).  The D.C.

Circuit has rejected the argument that it should read "the policies of rule 609(d)" that disfavor

introducing prior juvenile adjudications "into the plain language of rule 404(b)." See United

States v. Rogers, 918 F.2d 207, 210 (D.C. Cir. 1990).  In Rogers, the Court admitted a juvenile

adjudication under Rule 404(b) because Rule 609(d)'s prohibition on juvenile adjudications

"governs only the admissibility of evidence introduced for impeachment of a witness," and

"[e]vidence not introduced to attack a witness'[] credibility falls outside the rule's scope." Id. at

211.  It declined the defendant's invitation to "conflate" Rules 404(b) and 609. Id.  Fenwick's

2012 juvenile adjudication for firearms possession is therefore probative under Rule 404(b).

      Under step one, the Court concludes that Fenwick's 2012 arrest and juvenile

adjudication for firearms possession is probative of his intent to possess firearms in the instant

case. See United States v. Bell, 795 F.3d 88, 99 (D.C. Cir. 2015) ("Knowledge of firearms is a

permissible purpose under Rule 404(b)."); United States v. Cassell, 292 F.3d at 794-95 ("A prior

history of intentionally possessing guns . . . is certainly relevant to the determination of whether

a person . . . on the occasion under litigation knew what he was possessing and intended to do

so."). It is irrelevant that Fenwick admitted to owning the gun because the government's alternative means of proof do not render its Rule 404(b) evidence immaterial. See supra at § II(A) (discussing same for Simmons).

Under step two, Fenwick makes no argument that he would suffer the unfair prejudice contemplated by Rule 403 if the court admits his 2012 juvenile adjudication for firearms possession, and the Court finds none. The Court therefore will admit Fenwick's 2012 juvenile adjudication for firearms possession as Rule 404(b) evidence.

As for Fenwick's 2012 uncharged act of firearms possession, it fails under step one because the evidence is so unreliable that a factfinder could not find it probative of a material issue in the case. In its description of this uncharged act, the government represents only that police observed two individuals each remove a handgun from his person and then run away from police in Savannah Terrace; but the police recovered only one firearm. See Rule 404(b) Mot. at 4. The government never indicates that it can prove that Fenwick possessed the firearm that the police recovered, see id., a critical linkage necessary for the evidence to have any probative value. The Court therefore will exclude Fenwick's 2012 uncharged act of firearms possession.

### E. Hager

Hager is charged in Count One of the Superseding Indictment with conspiracy to distribute PCP. See Superseding Indictment at 2-3. He is not charged with a firearms offense. The government argues that Hager's 2005 conviction for possession of a firearm during a crime of violence (robbery) and his 2015 arrest for firearms possession should be admitted under Rule 404(b) because they "inform a factfinder as to whether Hager had the knowledge and intent to commit th[e] overt acts" of firearms possession in furtherance of the charged conspiracy. See

Rule 404(b) Mot. at 13-14.  The government's motion specifies that those overt acts include "moving firearms on behalf of Simmons."  See id. at 13.  But the Superseding Indictment in this case lists no overt acts in furtherance of the conspiracy for any of the defendants, see Superseding Indictment at 2-4, and was not required to do so as a matter of law.  See 21 U.S.C. § 846; United States v. Shabani, 513 U.S. 10, 17 (1994) ("[T]he plain language of the statute and settled interpretive principles reveal that proof of an overt act is not required to establish a violation of 21 U.S.C. § 846.").  Hager opposes the motion, arguing that "[n]othing about the 2004 offense makes it more likely than not that Mr. Hager committed the instant offense" and that the government's only purpose is propensity.  See Hager Opp. at 1-2.

        Both Hager's 2005 conviction for possession of a firearm during a crime of violence and his 2015 arrest for firearms possession fail step one:  They are not probative under Rule 404(b).  As noted, Hager is not charged with a firearms offense and the Superseding Indictment does not list Hager's overt acts.  The only reason Hager even knows what overt acts the government thinks he engaged in is because the Court ordered the government to produce a bill of particulars.  See ORDER at 1 (June 15, 2015) [Dkt. 65].  In the Court's view, prior firearms possession is not probative of a material issue in a case where an individual is not charged with a firearms offense, is not seen with a firearm, and in which no overt act relating to firearms is listed in the indictment.  The Court is aware of no drug conspiracy cases where the defendant against whom the government seeks to admit prior firearms charges under Rule 404(b) is not charged with a firearms offense, other than those where the Court found the prior firearms charges to be intrinsic to the charged conspiracy.  See, e.g., United States v. York, No. CV 14-323-22, 2015 WL 6181404, at *1-2 (E.D. Pa. Oct. 20, 2015).  That is not the case here.  See supra note 2.

The government attempts to argue that prior firearms offenses are probative of the intent to conspire to distribute narcotics because guns and drugs go hand-in-hand.  See Rule 404(b) Mot. at 10 n.3.  The D.C. Circuit has suggested as much, but never in the context of considering the admissibility of Rule 404(b) evidence.  See, e.g., United States v. Booker, 436 F.3d 238, 242 (D.C. Cir. 2006) (the defendant's "indisputable 'dominion and control over' the drugs further supports [the] conclusion that he 'constructively possessed the nearby gun" and that, as a drug dealer, the defendant "doubtlessly had a motive to carry a gun to protect himself and his illicit assets"); United States v. McLendon, 378 F.3d 1109, 1113 & n.4 (D.C. Cir. 2004) ("[G]uns and drugs go together in drug trafficking.").  At the motions hearing on December 16, 2015, the government argued that Hager's prior firearms offenses were relevant to knowledge, i.e., that he knows that the term "dog" means a firearm because he previously possessed firearms.  The Court disagrees because the government makes no claim that Hager used the term "dog" in his prior firearms offenses.  The Court invited the government to identify a drug conspiracy case where the defendant was not charged with a firearms offense but the government was successful at admitting his prior firearms offenses under Rule 404(b).  The government identified no such case for the Court and chose to "rest[] on its motion and argument."  See Govt. Supp. 404(b) at 3.  The Court therefore will exclude both Hager's 2005 conviction for possession of a firearm during a crime of violence and his 2015 arrest for firearms possession.

### F. Grant

Like Hager, the government argues that Grant's 2007 conviction for armed carjacking "is highly probative as to whether he possessed firearms during the time frame of and for the benefit of the conspiracy."  See Rule 404(b) Mot. at 15; see also id. at 15 n.4 ("Grant possessed firearms in and around Savannah Terrace").  As with Hager, the Superseding

14

Indictment does not charge Grant with a firearms offense and does not list any overt acts Grant took in furtherance of the conspiracy.  See Superseding Indictment at 2-4.  For the same reasons the Court excluded Hager's prior firearms arrest and conviction, the Court will exclude Grant's 2007 conviction for armed carjacking.  A prior firearms offense is not probative of a material issue in a case where an individual is not charged with a firearms offense, is not seen with a firearm, and in which no overt act relating to firearms is listed in the indictment.

## III.  RULE 609

Rule 609 of the Federal Rules of Evidence allows "for the admission of a defendant's prior convictions for purposes of impeachment, so long as the 'crime . . . was punishable by death or by imprisonment for more than one year' (that is, it was a felony), and 'the probative value of the evidence outweighs its prejudicial effect.'"  United States v. Moore, 75 F. Supp. 3d 444, 453 (D.D.C. 2014) (quoting FED. .R. EVID. 609(a)(1)).  In addition, the Rule permits the admission of convictions for crimes where the punishment is less than one year if the conviction for the crime required proof of "a dishonest act or false statement."  FED. .R. EVID. 609(a)(2).  The Rule also sets a higher bar for felonies where "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later."  FED. .R. EVID. 609(b); accord United States v. Pettiford, 238 F.R.D. 33, 39 (D.D.C. 2006) (the date of the defendant's "release[] from the confinement imposed following" the prior conviction is the date the Court uses for "purposes of the Rule 609(b) time-period calculation").

The government bears the burden of showing "that the probative value of a prior conviction outweighs the prejudice to the defendant."  United States v. Lipscomb, 702 F.2d 1049, 1063 (D.C. Cir. 1983) (en banc).  "[W]here [the Court] has already concluded that the jury should hear about these prior convictions under Rule 404(b)," it does not need to consider their

prejudicial effect for Rule 609 impeachment purposes.  See United States v. Moore, 75 F. Supp. 3d at 456.  "In making the probative v. unfair prejudice determination," one judge has suggested that among the factors to consider are:  "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant; and (5) generally, the impeachment value of the prior crime." United States v. Pettiford, 238 F.R.D. at 41 (internal quotation marks omitted).  The theory behind Rule 609 is that exclusion of "otherwise admissible evidence" on the issue of credibility "would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary."  United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980).

The government seeks to introduce prior convictions under Rule 609 of the Federal Rules of Evidence against five of the seven defendants should they decide to testify at trial.  There is no dispute that almost all of the government's proffered convictions are felonies because each is "punishable by . . . imprisonment for more than one year," see FED .R. EVID. 609(a)(1):  (1) Ford's federal conviction for PWID PCP, see 21 U.S.C. § 841(b)(1)(B)(viii) (setting a five-year mandatory minimum for the quantity of PCP that Ford was convicted of in his 2007 federal criminal case); (2, 3) Simmons and Sanders's 2005 District of Columbia convictions for PWID PCP, see D.C. CODE ANN. § 48-904.01(d)(2) (2012 Repl.) ("Any person who violates this subsection by knowingly or intentionally possessing the abusive drug phencyclidine in liquid form is guilty of a felony . . . ."); (4) Grant's 2007 Maryland conviction for armed carjacking, see MD. CODE ANN. § 3-405(d) ("A person who violates this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 30 years."); (5) Hager's 2013 Maryland conviction for second-degree assault, see MD. CODE ANN. § 3-203(b)

("[A] person who violates subsection (a) of this section is guilty of the misdemeanor of assault in the second degree and on conviction is subject to imprisonment not exceeding 10 years . . . ."); (6) Hager's 2005 District of Columbia conviction for possession of a firearm during a crime of violence, see D.C. CODE § 22-4504(b) (2012 Repl.) ("Upon conviction of a violation of this subsection, the person may be sentenced to imprisonment for a term not to exceed 15 years and shall be sentenced to imprisonment for a mandatory-minimum term of not less than 5 years . . . ."); (7) Sanders's 2006 District of Columbia conviction for unauthorized use of a vehicle, see D.C. CODE § 22-3215(d)(1) (2012 Repl.) ("[A] person convicted of unauthorized use of a motor vehicle . . . shall be . . . imprisoned for not more than 5 years."); and, (8) Sanders's 2006 District of Columbia conviction for destruction of property over $200, see D.C. CODE § 22-303 (2001) ("Whoever maliciously injures or breaks or destroys . . . any public or private property, whether real or personal, not his or her own, of the value of $200 or more . . . shall be imprisoned for not more than 10 years . . . .").

The only exception is Sanders's 2006 District of Columbia conviction for fleeing from law enforcement, which is either a felony or a misdemeanor in the District of Columbia depending on the circumstances of the crime. Compare D.C. Code Ann. § 50-2201.05b(b)(1) (2012 Repl.), with D.C. Code Ann. § 50-2201.05b(b)(2); see Pelote v. District of Columbia, 21 A.3d 599, 604 (D.C. 2011). The government's motion does not specify that Sanders's conviction is a felony and the Court therefore will exclude it under Rule 609.

Each of the government's proffered prior convictions appears to be within Rule 609(b)'s ten-year time limit. While certain convictions took place in 2005 and 2006 and therefore may be more than ten years old, the government represents that "the defendants have been free from confinement . . . for a term of less than 10 years." See Rule 609 Mot. at 3; see

also United States v. Pettiford, 238 F.R.D. at 39 (holding that Rule 609(b)'s ten-year period runs from the defendant's release from confinement for the prior conviction).  Neither Simmons nor Sanders filed an opposition to the government's Rule 609 motion, and Hager does not dispute the government's representation.  See Hager Opp. at 3.  Unless defendants provide contrary evidence prior to trial, the Court will accept the government's uncontested representation that Simmons, Sanders, and Hager have been "free from confinement" for their 2005 and 2006 convictions "for a term of less than ten years."  See Rule 609 Mot. at 3.  It therefore declines to impose Rule 609(b)'s more stringent safeguards for older convictions on the admission of those prior convictions.

The admissibility of the defendants' prior convictions therefore turns on whether "the probative value of the evidence outweighs its prejudicial effect."  FED. R. EVID. 609(a)(2). The Court need not engage in this balancing with regard to those prior convictions it has already determined it would admit under Rule 404(b) because that Rule requires the Court to find under the more stringent standard of Rule 403 that the "probative value is [not] substantially outweighed by a danger of . . . unfair prejudice."  See United States v. Moore, 75 F. Supp. 3d at 456 & n.13 (quoting FED. R. EVID. 403).  "[T]he Court could not agree" with defendants balancing arguments where they have "already been considered and dealt with in the Court's Rule 404(b) analysis."  Id. at 456; see also id. at 456 (collecting federal circuit court cases declining to find prejudice based on the government's additional use of a prior conviction for Rule 609 purposes where the trial court had already permitted the prior conviction for use in the government's case-in-chief under Rule 404(b)).  The Court therefore will admit the prior PWID PCP convictions of Simmons, Ford, and Sanders for impeachment purposes under Rule 609.

The Rule 609 balance tips in favor of admitting each of the remaining five prior convictions for impeachment purposes:  (1) Grant's Maryland conviction for armed carjacking; (2) Hager's Maryland conviction for second-degree assault; (3) Hager's District of Columbia conviction for possession of a firearm during a crime of violence; (4) Sanders's District of Columbia conviction for unauthorized use of a vehicle; and, (5) Sanders's District of Columbia conviction for destruction of property over $200.  "[E]ven though" each of the remaining "prior crimes do not involve explicit 'dishonest act[s]' or 'false statement[s],' these crimes still say something about [the defendant's] ability to be truthful while under oath."  United States v. Moore, 75 F. Supp. 3d at 455.  Like the robbery in United States v. Libscomb, most of the convictions the government seeks to introduce here were for "serious crime[s] that show conscious disregard for the rights of others."  See 702 F.2d at 1071.  As in Moore, a defendant's credibility in this case will be "central to the trial" if he chooses to testify, because "what [he] might say in his own defense—e.g., the gun wasn't mine, the drugs were for personal use—could play a significant role in the jury's verdict."  See United States v. Moore, 75 F. Supp. 3d at 455.

Neither Grant nor Sanders filed an opposition to the government's Rule 609 motion and did not adopt Ford or Hager's oppositions, thereby conceding both the probative value of their prior convictions and the lack of prejudice from the admission of those convictions.  Grant and Sanders also did not present any arguments in response to the government's Rule 609 motion at the December 16, 2015 hearing.  Hager filed an opposition and, with regard to probative value, argues that he "pleaded guilty" to both prior crimes and therefore the convictions do not "raise[] inferences about his credibility."  Hager Opp. at 3. Hager's acceptance of responsibility for his crimes, however, does not change the fact that these are "serious crime[s] that show conscious disregard for the rights of others," see United States v.

Libscomb, 702 F.2d at 1070-71, and crimes that "say something about [Hager's] ability to be truthful while under oath."  See United States v. Moore, 75 F. Supp. 3d at 455.  It therefore is clear to the Court that each of these five prior convictions of Grant, Sanders, and Hager have some probative value.  With regard to prejudice, Hager argues that his prior convictions are prejudicial under Rule 403 by simply quoting the Rule, see Hager Opp at 3, but that is the wrong standard.  The Court concludes that "the probative value of" each of these five prior convictions of Grant, Sanders, and Hager "outweighs [each's] prejudicial effect."  See FED. R. EVID. 609(a)(2).  The only remaining question is whether the cumulative prejudicial effect of admitting both of Hager's prior convictions tips the balance too far towards prejudice.  The court therefore will determine at the time of trial whether to admit only one but not both of his prior convictions.

The Court therefore will permit the government to introduce for impeachment purposes under Rule 609 each of the prior convictions that it has proffered, except for: (1) Sanders's 2006 District of Columbia conviction for fleeing from law enforcement, which the Court will not permit the government to introduce; and, (2) Hager's two prior convictions, which the Court will provisionally permit the government to introduce.

### III.  CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part the government's Rule 404(b) and Rule 609 motions.  An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

/s/
_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 21, 2016