UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 15-0025 (PLF) |
| CHRISTOPHER FORD, et. al. | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motions of defendants Marcus Fenwick and Levon Simmons to suppress physical evidence and statements. Defendants Rashard Grant, Andre Leach, and Anthony Hager have adopted these motions in whole or in part. The government opposes the motions. Since the filing of these motions, defendant Fenwick has acknowledged his guilt and entered a plea of guilty. His two motions to suppress therefore are moot. Grant's tag-along motion will be denied for lack of standing. For reasons discussed below, the Court will defer ruling on the motions of defendants Simmons, Hager, and Leach.[1]

---

[1] Relevant papers reviewed by the Court include: Superseding Indictment [Dkt. 40]; Defendant Fenwick's Motion to Suppress Physical Evidence [Dkt. 100]; Defendant Fenwick's Motion to Suppress Statements [Dkt. 102]; Government's Omnibus Opposition to Defendant Fenwick's Motions [Dkt. 108]; Defendant Simmons's Motion to Suppress Statements and Physical Evidence [Dkt. 128]; Government's Omnibus Opposition to Defendants' Motions [Dkt. 137]; Defendant Grant's Motion to Adopt Motions of Co-Defendants [Dkt. 145]; Defendant Hager's Motion to Joint [sic] and Adopt Motions and Memoranda of Codefendants [Dkt. 158]; Defendant Andre Leach's Motion to Join and Adopt Relevant Motions and Memoranda Filed by Co-Defendants [Dkt. 165]; Defendant Fenwick's Supplemental Memorandum in Support of Motion to Suppress Statements [Dkt. 174]; Supplement to Government's Opposition to Defendant Fenwick's Motion to Suppress Statements [Dkt. 176]; and Transcript of December 11, 2015 Motions Hearing ("12/11/15 Tr.") [Dkt. 181].

On May 20, 2015, agents from the Federal Bureau of Investigations ("FBI") applied for a search warrant for 3255 23rd Street, S.E., Apartment 14, Washington, D.C. 20020, the residence of defendant Marcus Fenwick. Magistrate Judge Alan Kay issued the warrant, primarily on the basis of wiretap evidence obtained from two months of surveillance on Levon Simmons's telephone. On May 21, 2014, agents from the FBI and the Metropolitan Police Department executed the warrant. 12/11/15 Tr. at 8-9.

At the evidentiary hearing on these motions, FBI Agent Timothy B. Wolford testified that Fenwick was present at the residence when the warrant was executed, that law enforcement officers detained Fenwick, and that, without advising him of his Miranda rights, they asked him "if there was any contraband or weapons in the apartment." 12/15/11 Tr. at 9-10, 20. Fenwick responded by "point[ing] out to the search team that there was a gun in a dresser drawer and also PCP in a closet in his bedroom." Id. at 10. Law enforcement officers found those items in the areas where Fenwick said they would be, arrested him, and transported him to the police station. Id. at 11. Once there, Agent Wolford read Fenwick his Miranda rights for the first time, Fenwick signed a written waiver of those rights, and officers interrogated him. Id. at 9, 11-13 & Ex. 1. During questioning, Fenwick stated that both the PCP and the gun were his but that he had "found" both in his neighborhood. Id. at 14-15. Fenwick refused to answer questions about drug dealing in the neighborhood. Id. at 15. The questioning of Fenwick lasted approximately half an hour. Id. at 16.

The Court need not decide whether, on these facts, the physical evidence seized from Fenwick's apartment and the statements he made should be suppressed. Because Fenwick now has entered a plea of guilty, his motions are moot. See United States v. Ramirez,

54 F. Supp. 2d 25, 27 (D.D.C. 1999) (motions filed by defendants who "entered guilty pleas . . . therefore became moot").

Grant purports to join Fenwick's motions to suppress [Dkt. 100 & 102] if "he has standing" to do so.  See Dkt. 145 at 1.  The Court cannot see, however, how Grant possibly could have standing to suppress physical evidence seized from Fenwick's apartment or statements attributed to Fenwick.  See Rakas v. Illinois, 439 U.S. 128, 133-34 (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted. . . . A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.") (internal quotation marks omitted); Couch v. United States, 409 U.S. 322, 328 (1973) ("[T]he Fifth Amendment privilege is a personal privilege: it adheres basically to the person, not to information that may incriminate him. . . . The Constitution explicitly prohibits compelling an accused to bear witness 'against himself': it necessarily does not proscribe incriminating statements elicited from another. Compulsion upon the person asserting it is an important element of the privilege, and . . . [i]t is extortion of information from the accused himself that offends our sense of justice.").  Grant's motion to suppress physical evidence and statements therefore will be denied.

As for defendants Simmons, Hager, and Leach (who adopt Simmons's motion without making any separate argument of their own), they maintain that, if the Court suppresses the wiretap evidence at issue in another pending motion, then the Court must also suppress the physical evidence and statements that the government attributes to Simmons as fruits of the poisonous tree.  See United States v. Brodie, 742 F.3d 1058, 1062-63 (D.C. Cir. 2014).  Since Simmons, Hager, and Leach make only this fruit of the poisonous tree argument, the Court does

not consider any independent bases to suppress the physical evidence seized from the apartments of Simmons or Leach, or statements that the government attributes to Simmons or Leach. Furthermore, while Hager joins Simmons's motion, the Court is not sure why – since no statements or physical evidence were obtained from him. It therefore cannot see how Hager could possibly have standing even if Simmons succeeded on his fruit of the poisonous tree argument. See Rakas v. Illinois, 439 U.S. at 133-34; Couch v. United States, 409 U.S. at 328. Until the Court receives supplemental briefing on the wiretap suppression motions, it cannot decide the fruit of the poisonous tree argument and therefore reserves ruling on Simmons's motion, Dkt. 128, as well as the motions to adopt filed by Hager and Leach, Dkt. 158 & 165. For these reasons, it is hereby

ORDERED that Fenwick's motion to suppress physical evidence [Dkt. 100] is DENIED as moot; it is

FURTHER ORDERED that Fenwick's motion to suppress statements [Dkt. 102], is DENIED as moot; and it is

FURTHER ORDERED that Grant's motion to suppress physical evidence and statements is DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: January 28, 2016