UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 15-0025 (PLF) |
| CHRISTOPHER FORD, et. al. | ) ) ) | |
| Defendants. | ) ) | |

OPINION

This matter is before the Court on the motions of Defendants Marcus Fenwick, Christopher Ford, and Rashard Grant to compel the government to disclose information regarding its confidential informants and cooperating witnesses or, in the alternative, for a reliability hearing. Defendants Theodore Sanders, Andre Leach, and Anthony Hager adopt one or more of the motions. The government opposes the motions. Upon consideration of the parties' written submissions, the oral argument at the pretrial motions hearing held on December 16, 2015, the relevant case law, and the entire record in this case, the Court will deny the motions.[1]

---

[1] Relevant papers reviewed by the Court include: Superseding Indictment [Dkt. 40]; Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) Against Defendants Ford, Simmons, Grant, Hager, Fenwick, and Sanders ("Rule 404(b) Mot.") [Dkt. 86]; Defendant Fenwick's Motion to Compel Disclosure of Information Regarding Confidential Informants, Witnesses and Cooperating Criminals ("Fenwick Mot.") [Dkt. 103]; March 7, 2014 Affidavit of Timothy B. Wolford ("Wolford Affidavit") [Dkt. 107-1]; Government's Omnibus Opposition to Defendant Fenwick's Motions ("Opp.") [Dkt. 108]; Defendant Grant's Motion to Exclude Cooperating Witness Testimony ("Grant Mot.") [Dkt. 117]; Defendant Ford's Motion to Compel Disclosure of Information Regarding Confidential Informants and Cooperating Witnesses ("Ford Mot.") [Dkt. 119]; Defendant Grant's Motion For a Reliability Hearing [Dkt. 122]; Government's Omnibus Opposition to Defendants' Motions ("Second Opp.") [Dkt. 137]; Defendant Ford's Motion to Join and Adopt [Dkt. 143]; Defendant Grant's Motion to Adopt [Dkt. 145]; Defendant Ford's

I.  FACTUAL BACKGROUND

The grand jury returned an indictment charging, <u>inter</u> <u>alia</u>, each of the seven defendants with one count of participating in a conspiracy to distribute phencyclidine ("PCP"), in violation of 21 U.S.C. § 846.  Superseding Indictment at 1-4, 6.  The government's motion to admit other crimes evidence pursuant to Rule 404(b) of the Federal Rules of Evidence states that a cooperating witness will testify that it "acquired PCP from Ford in 2007 up until the time of Ford's arrest on November 13, 2007" and "purchased multiple ounces of PCP from Ford and pooled together with other members of the conspiracy, including Simmons and . . . Grant, to buy eight ounce and 16 ounce quantities of PCP from Ford . . . for redistribution."  Rule 404(b) Mot. at 2.  The Court has already granted the government's Rule 404(b) motion in part, permitting it to introduce a "cooperating witness' testimony concerning Ford's uncharged involvement with Simmons and Grant in distributing PCP prior to 2007."  See <u>United States v. Ford</u>, Crim. No. 15-0025, 2016 WL 259640, at *4 (D.D.C. Jan. 21, 2016).

Fenwick and Ford move to compel the government to "disclos[e]" the "identity and background information of government witnesses who may be considered informants or cooperating individuals."  Fenwick Mot. at 1; Ford Mot. at 1.[2]  The "background information"

---

Reply to Government's Omnibus Opposition to Defendants' Motions ("Ford Reply") [Dkt. 155]; Notice of Motions Defendant Fenwick Adopts [Dkt. 157]; Defendant Hager's Motion to Joint [sic] and Adopt Motions [Dkt. 158]; Defendant Sanders Motion to Adopt [Dkt. 159]; Defendant Leach's Motion to Join and Adopt [Dkt. 165]; and Transcript of December 11, 2015 Motions Hearing ("12/11/15 Tr.") [Dkt. 181].

[2]     Ford and Fenwick make essentially the same arguments.  Grant Hager and Sanders adopt Fenwick's motion, <u>see</u> Dkt. 145, 158 & 159, while Grant, Hager, Sanders, and Leach adopt Ford's motion.  See Dkt. 145, 158, 159 & 165.  Fenwick's motion is moot as to him because he now has entered a plea of guilty.  See <u>United States v. Ramirez</u>, 54 F. Supp. 2d 25, 27 (D.D.C. 1999) (motions filed by defendants who "entered guilty pleas . . . therefore became moot").  But it is not moot as to Grant, Hager, and Sanders because they have standing to assert their own interest in the identity and background of government witnesses grounded in their

they seek includes "information contained in an informant's file," which they argue is critical to preparing their defense at trial. Ford Mot. at 2. Ford cites Agent Timothy B. Wolford's March 7, 2014 Affidavit in support of one of two wiretap applications at issue in this case as evidence that the cooperating witness in the government's Rule 404(b) motion has a "criminal history, including narcotics offenses and crimes of violence[, which] are crucial to his impeachment at trial." Ford Reply at 4 (citing Wolford Affidavit ¶ 25). Fenwick and Ford ground their entitlement to this information in part on the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Fenwick Mot. at 2; Ford Mot. at 1; Ford Reply at 2. The defense suggests "the issuance of a protective order, which would satisfy the government's concern" for the safety of its cooperators and informants. Ford Reply at 3. Finally, Grant moves separately for a "pre-trial hearing to determine the reliability of [the] witness" discussed in the government's Rule 404(b) motion.[3]

The government responds that it has already provided a great deal of discovery to defendants and proffers that it "will continue to comply with its discovery obligations . . . under Brady, Giglio, and the Jencks Act," 18 U.S.C. § 3500. Opp. at 26-27. The government contends that "[t]here is nothing exculpatory about the prospective testimony of any informant" that would trigger its Brady obligations. See id. at 29. The government has not disclosed Giglio impeachment material for prospective informants or cooperators who may testify because it argues: (1) "safety concerns" grounded in "defendant[s'] serious narcotics and weapons charges,

---

Sixth Amendment fair trial rights. See United States v. Blair, 661 F.3d 755, 772 (4th Cir. 2011) ("Sixth Amendment rights are at bottom personal to the accused.").

[3]   Grant docketed his motion to exclude cooperating witness testimony [Dkt. 117] separately from his motion for a reliability hearing [Dkt. 122]; however, docket number 122 has no attached document and docket number 117 makes arguments in favor of both motions. Ford, Fenwick, Hager, and Leach adopt Grant's motions. See Dkt. 143, 157, 158, & 165.

3

as well as the violent nature of the crew," id. at 27, warrant delaying disclosure until closer to trial; (2) Giglio impeachment material need not be disclosed this early when trial is not scheduled until July 2016; and, (3) the government "has not yet determined which, if any, cooperating witnesses will be called as witnesses at trial." Id. at 26-27.  Furthermore, in the government's view, "[t]he defendant[s] [are] not entitled to the disclosure of the identity of confidential informants" at this stage of the proceeding because such information is not necessary for the preparation of a defense.  Id. at 28-29.  The government states, however, that it will "make . . . available to the defense" any "informant who participated in the transaction[s]" and who "does not testify at trial" if "that informant has exculpatory evidence, he or she played a significant role in the defendant's crimes, the information cannot be ascertained from other sources, and/or the informant's safety is not an issue."  Id. at 29-30 (citing Roviaro v. United States, 353 U.S. 53 (1957)).

## II.  DISCUSSION

Defendants request the names of all confidential informants and cooperating witnesses as well as the investigating agency's internal file on each informant or cooperator without regard to whether the informant will testify at trial.  See Fenwick Mot. at 1; Ford Mot. at 1.  For purposes of analysis, the Court will treat confidential informants and cooperating witnesses identically.

The government has identified only one cooperating witness who may testify at trial, who it alleges was involved with Simmons and Grant in purchasing PCP from Ford prior to Ford's arrest on November 13, 2007.  Rule 404(b) Mot. at 2.  Defendants identify no other cooperating witnesses or confidential informants.  The government's Rule 404(b) motion indicates that it intends to call this individual at trial, id., while its opposition to defendants'

motions to compel indicates it has made no decision on the matter. Opp. at 27. According to the government, defendants will learn the name of this cooperating witness and any other informants who will testify at the time of trial and defendants are entitled to no earlier disclosure of the identities of these individuals unless they possess exculpatory information that must be disclosed under Brady v. Maryland. Opp. at 28-29. The government further states that it will disclose the names and other information "relevant to cross-examination of an informant at the appropriate time" under Brady, Giglio, and the Jencks Act. Id. at 29. Because it is unclear whether the cooperating witness the government identifies in its Rule 404(b) motion or any other informant or cooperator will testify, it is appropriate to analyze the government's disclosure obligations under both circumstances.

### A. Non-Testifying Informants and Cooperators

With respect to non-testifying informants, "[t]he Supreme Court has stated that, in determining whether to require the disclosure of confidential informants, the Court should balance 'the probable interest in protecting the flow of information against the [defendant's] right to prepare his defense.'" United States v. Ramirez, 54 F. Supp. 2d 25, 31 (D.D.C. 1999) (quoting Roviaro v. United States, 353 U.S. at 62); see United States v. Glover, 583 F. Supp. 2d 5, 12 (D.D.C. 2008) ("Roviaro and its progeny apply only when the informant does not testify at trial." (citing United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002))). "Where the disclosure of an informer's identity, or the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the [informer's] privilege must give way." Roviaro v. United States, 353 U.S. at 60. The Court must consider the particular circumstances of each case, taking into consideration "the crime charged,

the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 62.

The defendant bears the "burden of establishing that knowing the identity of the informant in advance of trial is necessary to the preparation of a defense." United States v. Ramirez, 54 F. Supp. 2d at 32 (citing United States v. Mangum, 100 F.3d 164, 172 (D.C. Cir. 1996)); see United States v. Skeens, 449 F.2d 1066, 1070 (D.C. Cir. 1971) (describing the defendant's burden as "heavy"). Roviaro does not require disclosure of an informant unless the informer was "an actual participant in or a witness to the offense charged" and the informant's "identity is necessary to [the] defense.'" United States v. Glover, 583 F. Supp. 2d at 12 (quoting United States v. Magnum, 100 F.3d at 172). Compare Roviaro v. United States, 353 U.S. at 64-65 ("This is a case where the government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses."), with Rugendorf v. United States, 376 U.S. 528, 534-35 (1964) (declining to require disclosure of informant's identity because defendant did not "intimat[e]" that the informant was the sole participant and thus the Court "cannot say on this record that the name of the informant was necessary to his defense").

The government's obligation to disclose information beyond identity, such as the "background information" or "informant files" that defendants seek here, is limited "to statements of non-testifying witnesses or co-conspirators if those statements qualify as Brady material." United States v. Edelin, 128 F. Supp. 2d 23, 33 (D.D.C. 2001) (citing United States v. Williams-Davis, 90 F.3d 490, 513 (D.C. Cir. 1996)). Where the government has "promised to make non-testifying informants available to the defendants upon request," a defendant's request

6

for information about "informants who were participants in or witnesses of the charged crimes" may be "moot."  United States v. Glover, 583 F. Supp. 2d at 12-13.

In this case, the cooperating witness mentioned in the government's Rule 404(b) motion was not a participant in or witness to the charged crimes, and defendants offer no reason sufficient to carry their burden of proving that that the witness' identity or background information is necessary to preparation of their defense.  The only argument other than Brady that Fenwick and Ford advance is that the cooperator's identity and background information is relevant for impeachment purposes.  See Fenwick Mot. at 2; Ford Mot. at 2.  But the cooperator cannot be impeached unless he or she testifies, and the government has not yet determined if any such person will.  Defendants fail to "identify any defenses or other arguments of significance that the early disclosure of an informant's identity might advance."  See United States v. Holland, 41 F. Supp. 3d 82, 104 (D.D.C. 2014); see also United States v. Gaston, 357 F.3d 77, 85 (D.C. Cir. 2004) (rejecting motion to compel disclosure where defendant's "motion did not even describe the nature of [the] defense; still less did it mention how [the defendant] expected the informant to advance her cause"); United States v. Glover, 583 F. Supp. 2d at 12 (defendants failed "to offer so much as a hint about what defenses the informants might help advance or the possible significance of a particular informant's testimony").  Defendants have failed to meet their burden to show that early disclosure of the identity of the cooperating witness mentioned in the government's Rule 404(b) motion or other unidentified informants or cooperators is necessary to the preparation of their defense.

Defendants' broader request for the "background information" and "informant file" for all "government witnesses who may be considered informants or cooperating individuals," Fenwick Mot. at 1, fails for similar reasons.  Defendants are not entitled to a non-

testifying informant's "background information" or the "informant file" except to the extent it contains exculpatory Brady information, and defendants have not suggested that the government's cooperating witness possesses exculpatory information.  See United States v. Williams-Davis, 90 F.3d at 514 ("Except for bare speculation, [the defense] has nothing to suggest the existence of favorable materials. . . .").

### B. Testifying Informants and Cooperators

With respect to informants who will testify at trial, the D.C. Circuit has long recognized that the government need not disclose its witness list before trial except in capital cases.  See United States v. Bolden, 514 F.2d 1301, 1312 (D.C. Cir. 1975) ("Since this was not a capital case at the time of the trial . . . there was no government duty to disclose the witness list.").  Of course, the government must disclose Brady material for all testifying witnesses in advance of trial, see United States v. Safavian, 233 F.R.D. 205, 206-07 (D.D.C. 2006); United States v. Safavian, 233 F.R.D. 12, 16-20 (D.D.C. 2005), and "[t]he government's Brady obligation also extends to information affecting the credibility of a government witness" under Giglio v. United States.  United States v. Sitzmann, 74 F. Supp. 3d 128, 134 (D.D.C. 2014).  But "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."  Weatherford v. Bursey, 429 U.S. 545, 559 (1977).

Separate from the obligations that Brady and Giglio impose upon the government, Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500, circumscribe when defendants are entitled to the identities, statements, or other information about the government's witnesses at trial.  Rule 16(a)(2) "prohibits discovery of statements by government witnesses or prospective government witnesses except as provided in the Jencks

8

Act," United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir. 1988), which makes the statements of government witnesses not discoverable by the defense "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).  "The government's obligation [] is not triggered until the witness has testified on direct examination at trial," United States v. Sitzmann, 74 F. Supp. 3d at 139, although the government's Brady and Giglio obligations, of course, always trump Rule 16 and Jencks.  See United States v. Rittweger, 524 F.3d 171, 181 n.4 (2d Cir. 2008); United States v. Rodriguez, 496 F.3d 221, 225-26 (2d Cir. 2007).

A prosecutor's disclosure obligations under Brady begin as soon as the case is brought and continue throughout the pretrial and trial phases of the case, and even post-trial.  See Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987); Steidl v. Fermon, 494 F.3d 623, 630 (7th Cir. 2007).  All such information must be disclosed promptly after it comes to the government's attention.  And the prosecutor must disclose all favorable information regardless of whether he or she thinks it is "material" or would change the outcome of the proceedings.  See United States v. Safavian, 233 F.R.D. at 16-17.  The timing for disclosure of impeachment evidence under Giglio is different and is appropriately analyzed separately.  See, e.g., United States v. Frank, 11 F. Supp. 2d 322, 325 (S.D.N.Y. 1998) ("Provided that the defendant has sufficient time after receipt of Giglio material to use it effectively at trial, there is no violation of the defendant's rights from deferring production of this material until closer to the time of the witnesses' testimony."). While the requirements of due process underlie both the Brady doctrine and "its offspring," including Giglio, "the very nature of Giglio material dictates a different timetable for its effective use."  Id.  The Court will take steps to assure that the government provides Giglio information sufficiently in advance of trial.

9

### C. Request For a Reliability Hearing

Defendant Grant's motion for a reliability hearing lacks merit for similar reasons. Grant argues that the Court must hold a reliability hearing "in the interests of justice" because the cooperating witness mentioned in the government's Rule 404(b) motion or other cooperators have cooperation agreements with the government and/or will receive compensation or other benefits from the government, which affect their credibility. See Grant Mot. at 2-3, 4, 9. The government points out that "[p]rior disclosures [] indicated that the witness did not have a cooperating agreement with the government." See Second Opp. at 14. With respect to other possible, as-yet-identified informants or cooperators, Grant offers nothing beyond "bare speculation" to support his claims about cooperation agreements, compensation, or other benefits or promises. See United States v. Williams-Davis, 90 F.3d at 514. Even assuming that the government's witness or witnesses have cooperation agreements or the promise of other benefits, the Court is not obligated to hold a reliability hearing for the reasons discussed above: (1) if the witness does not testify at trial, defendants must demonstrate that learning the identity of the witness and probing his or her reliability is necessary to the preparation of their defense, unless Brady is implicated; and (2) if the witness does testify at trial, defendants are entitled to all Brady, Giglio, and Jencks material to probe his or her reliability. See supra at §§ II(A), II(B). The Court therefore will deny Grant's motion for a reliability hearing.

## III.  CONCLUSION

The Court denies defendants' requests to compel the government to disclose the identities and background information of its confidential informants and cooperating witnesses or, in the alternative, for a reliability hearing.  An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 4, 2016